911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Walid Ahmed ABUELHAWA, Defendant-Appellant.
 No. 89-5705.
 United States Court of Appeals, Fourth Circuit.
 Argued May 11, 1990.
Decided Aug. 20, 1990.
As Amended Oct. 12, 1990.
 
 1
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-00182-A)
 
 
 2
 Albert James Ahern, Jr., Bailey's Crossroads, Va. (argued), for appellant; Louis Koutoulakos, Varoutsos & Koutoulakos, Arlington, Va. on brief.
 
 
 3
 Nash Whitney Schott, Assistant United States Attorney, Alexandria, Va. (argued), for appellee; Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 
 
 4
 E.D.Va.
 
 
 5
 AFFIRMED.
 
 
 6
 Before MURNAGHAN, Circuit Judge, JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 McMILLAN, Senior District Judge:
 
 7
 Walid Ahmed Abuelhawa appeals his conviction and sentence for conspiring to distribute, and to possess with intent to distribute, cocaine and cocaine base. He contends that his conspiracy conviction should be reversed because there was a variance between the allegations in the indictment and the evidence introduced at trial, and that the trial court erred in failing to instruct the jury accordingly. He also contends that the events giving rise to the conspiracy charge took place before the effective date of the federal sentencing guidelines, and that the district court erred in determining his sentence under the guidelines. Finally, he contends that the district court improperly denied his request for a reduction in his sentence for conspiracy, because of his acceptance of responsibility.
 
 
 8
 For the reasons set forth below, we affirm the decision of the district court.
 
 I.
 
 9
 On May 25, 1989, Walid Abuelhawa and seventeen co-defendants were indicted for violations of federal narcotics laws. Abuelhawa and the other co-defendants were charged with conspiring to distribute, and to possess with intent to distribute, cocaine and cocaine base. The indictment also charged Abuelhawa with three substantive narcotics law violations: (1) possessing half a kilogram of cocaine with intent to distribute it, on June 3, 1987; (2) possessing one kilogram of cocaine with intent to distribute it, on November 2, 1987; and (3) using a telephone to facilitate cocaine distribution, on June 11, 1987.
 
 
 10
 Abuelhawa pleaded not guilty to the charges.
 
 
 11
 Before trial, appellant and the government entered into a joint stipulation regarding the conspiracy charge. In the stipulation, appellant admitted certain facts regarding the conduct of the conspiracy.
 
 
 12
 Abuelhawa was tried alone before a jury. At trial, the government introduced the stipulation into evidence. According to the undisputed evidence, from December 1983 until November 1988 Samuel Balbuena headed an organization which distributed cocaine and cocaine base. The seventeen co-defendants named in the indictment were active members of the organization. The Balbuena organization obtained cocaine, usually from southern Florida, and distributed it in Virginia and in Washington, D.C.
 
 
 13
 Several members of the Balbuena organization testified about the appellant's involvement with the organization. The testimony showed that in early 1986, appellant met Balbuena and began to buy cocaine from him in large quantities for the purpose of distribution. Appellant also attended meetings and parties attended by Balbuena and other organization members. From January 1986 until November 1988, appellant distributed approximately 30 kilograms of cocaine for the organization.
 
 
 14
 In late May 1987, a member of the Balbuena organization was arrested with cocaine in his possession. As a result of the arrest, Balbuena decided to leave Virginia. On June 3, 1987, he gave half a kilogram of cocaine to appellant with instructions to sell it. Balbuena told appellant that he could obtain more cocaine from another organization member who would remain in Virginia. Some time around August 1987 Balbuena left for southern Florida, where he and several other members of the organization lived until November 1987. During the time that Balbuena lived in Florida, appellant wired Balbuena money, which Balbuena used to purchase more drugs.
 
 
 15
 In November 1987 Balbuena moved back to Virginia. He brought with him one kilogram of cocaine. On November 3, 1987, he took the cocaine to appellant "so he could sell, until we could start back up here again." Trial transcript at 144. No evidence was introduced that appellant participated in the Balbuena organization's activities after November 3, 1987. However, appellant stipulated that from November 1987 until November 1988, Balbuena's organization distributed cocaine in the Virginia area. Balbuena also opened several "crack" houses in Virginia and began to distribute cocaine base.
 
 
 16
 Appellant testified at his trial that he was addicted to cocaine. He admitted that he frequently purchased cocaine from Balbuena, but stated that it was bought for his personal use. He denied ever distributing cocaine.
 
 
 17
 At the close of evidence, appellant moved for a judgment of acquittal on the grounds that the evidence showed more than one conspiracy. The trial court denied the motion. The court then instructed the jury that in order to convict appellant of the conspiracy charge, one of the elements the government was required to prove was that "the conspiracy described in the indictment was wilfully formed and was existing at or about the time alleged." Trial transcript at 301.
 
 
 18
 The jury returned a guilty verdict on the charges of (1) conspiracy; (2) possession of cocaine with intent to distribute it on June 3, 1987; and (3) use of a telephone to facilitate cocaine distribution. Abuelhawa was acquitted of the charge of possessing cocaine with intent to distribute it on November 3, 1987.
 
 
 19
 The trial court sentenced appellant for the conspiracy offense pursuant to the federal sentencing guidelines. At the sentencing hearing, appellant requested that his sentence for the conspiracy offense be reduced for his acceptance of responsibility, based on his admission of being a heavy user of cocaine. The trial court denied this request:
 
 
 20
 I don't think he is entitled to the two points for acceptance of responsibility. He took the stand, was less than truthful in my view. Obviously the jury did not accept his story either. He portrayed himself as merely a customer of Balbuena. The evidence in my opinion was sharply to the contrary.
 
 
 21
 Transcript of sentencing proceedings at 12. The court sentenced Abuelhawa to 188 months in prison for the conspiracy offense.
 
 
 22
 The trial court did not apply the guidelines in determining appellant's punishment for the two substantive offenses of which he was convicted. The trial court sentenced appellant to 60 months imprisonment for possessing cocaine with intent to distribute it, and to 24 months imprisonment for using a telephone to facilitate cocaine distribution. The court directed that both of these sentences be served concurrently with the sentence for conspiracy.
 
 II.
 A.
 
 23
 Appellant argues that the evidence at trial showed the existence of not one but two conspiracies, and that he did not participate in the second conspiracy. Appellant argues that the trial court's failure to instruct the jury on two conspiracies demonstrates prejudice.
 
 
 24
 In appellant's view of the evidence, the Balbuena organization engaged in its first conspiracy from December 1983 until June 1987, when Balbuena moved to Florida in fear of arrest. Appellant argues that a second conspiracy began in November 1987, when Balbuena returned to Virginia, and continued until Balbuena's arrest in November 1988. In support of this interpretation, appellant points to Balbuena's testimony that when he returned from Florida he intended "to start back up here again." Because appellant was acquitted of the only substantive charge which allegedly took place after November 1987, appellant argues that there is no evidence of his participation in the later conspiracy.
 
 
 25
 A single conspiracy exists where there is one overall agreement or business venture. United States v. Leavis, 853 F.2d 215, 218 (4th Cir.1988). "Whether there is a single conspiracy or multiple conspiracies depends upon the overlap of key actors, methods, and goals." Id. This court has held that the question of whether a single conspiracy exists does not turn upon whether the activity of the conspirators has been continuous. As the court observed in Leavis, "[t]here is a host of reasons for a conspiracy such as the one at issue in this case to suspend active operations for a period: for logistical reasons, to escape detection, or even to afford its members an opportunity to spend their ill-gotten gains. Our focus must be not on the timing of the conspiracy's operations, but on whether it functioned as an ongoing unit." Id. at 218-19.
 
 
 26
 Here, there is ample evidence in the record to support the jury's conclusion that there was a single conspiracy. Both before and after Balbuena's stay in Florida, Balbuena's organization engaged in efforts to distribute cocaine in Virginia and Washington, D.C. Appellant does not argue that the members or purpose of the Balbuena organization changed after June 1987. Though Balbuena did leave Virginia in 1987 for approximately five months, the evidence shows that he did so in order to escape law enforcement officers, and not because he had decided to terminate the conspiracy. Furthermore, during his period of self-imposed exile in Florida, Balbuena's operatives in Virginia--including the appellant--continued to sell cocaine and to wire him money. Balbuena used this money to buy more drugs, some of which he brought back to Virginia in November 1987 for distribution. These facts indicate that the activities of the Balbuena organization which occurred after November 1987 were part of a single, overall conspiracy, and not a separate endeavor.
 
 
 27
 Because there is sufficient evidence to support the conclusion that there was a single conspiracy, this court finds that there was no variance between the conspiracy alleged in the indictment and the evidence presented at trial. The trial court did not err in not instructing the jury on the conspiracy charge.
 
 B.
 
 28
 The two substantive offenses of which appellant was convicted took place prior to the effective date of the federal sentencing guidelines, and the trial court did not determine appellant's punishment for these offenses under the sentencing guidelines. However, the trial court sentenced appellant for the conspiracy offense under the sentencing guidelines. The appellant argues that the trial court erred in applying the sentencing guidelines to the conspiracy offense because no evidence was introduced at trial to show that the conspiracy continued beyond November 1, 1987, the effective date of the guidelines.
 
 
 29
 "Conspiracy is an ongoing crime, and 'once a criminal conspiracy is established, it is presumed to continue until its termination is affirmatively shown.' " United States v. Sheffer, 896 F.2d 842, 844 (4th Cir.1990), quoting United States v. Portsmouth Paving Corp., 694 F.2d 312, 318 (4th Cir.1982). At trial, the government's evidence established that a conspiracy between Balbuena and members of his organization commenced in 1983 and continued beyond November 1, 1987. Although government witnesses did not testify in detail as to activities occurring after November 1987, the uncontested facts contained in the stipulation showed that members of the Balbuena organization continued to conspire to distribute cocaine and other drugs through November 1988. Therefore, appellant is incorrect in arguing that no evidence was introduced at trial showing that the conspiracy continued beyond November 1, 1987.
 
 
 30
 In the alternative, appellant contends that even if the evidence showed that the conspiracy continued beyond November 1, 1987, his membership in it terminated prior to that date, and the guidelines therefore should not apply to him. Appellant points out that he was acquitted of the only substantive offense which he was alleged to have committed after the effective date of the guidelines (the charge of possessing cocaine with intent to distribute it on November 3, 1987). He urges that there is no other evidence of his continuing participation in the conspiracy.
 
 
 31
 Once it has been established that a defendant has participated in a conspiracy, the
 
 
 32
 defendant's membership in a conspiracy is presumed to continue until he withdraws from the conspiracy by affirmative action. Withdrawal must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy.
 
 
 33
 United States v. West, 877 F.2d 281, 289 (4th Cir.1989) (emphasis added). The burden is on the appellant to show that he withdrew from the conspiracy. United States v. Watford, 894 F.2d 665, 670 (4th Cir.1990).
 
 
 34
 Appellant has not pointed to any evidence in the record showing that he affirmatively withdrew from the Balbuena organization. His acquittal of the substantive count does not establish his withdrawal from the conspiracy. Watford, 894 F.2d at 671.
 
 
 35
 The trial court did not err in sentencing appellant for the conspiracy offense under the federal sentencing guidelines.
 
 C.
 
 36
 Finally, the appellant argues that in determining his sentence for the conspiracy offense, the trial court erred in refusing to reduce his "offense level," and hence his sentence, for his acceptance of responsibility. At trial, appellant admitted that he possessed and used cocaine but denied that he intended to distribute it or that he participated in a conspiracy. He contends that his admissions nonetheless constitute an acceptance of responsibility under the federal sentencing guidelines, and that the trial court's denial of his request for a reduction in sentence in effect requires defendants to admit their guilt to every allegation in their indictment.
 
 
 37
 The federal sentencing guidelines permit a trial court to reduce by two levels the offense level of a defendant's crime if "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. Sec. 3E1.1(a). Application Note 1 of the Commentary to Sec. 3E1.1 lists several factors to be considered in determining whether a defendant has accepted responsibility, including whether the defendant has made a "voluntary and truthful admission to authorities of involvement in the offense and related conduct."
 
 
 38
 In United States v. Gordon, 895 F.2d 932 (4th Cir.1990), this court addressed the question whether a defendant's admission of possession of cocaine at his sentencing hearing constituted acceptance of responsibility for the crime of possession with intent to distribute. This court held that "in order for section 3E1.1 of the guidelines to apply, a defendant must first accept responsibility for all of his criminal conduct." 895 F.2d at 936 (emphasis added). In reaching this conclusion, this court noted that "a defendant is not penalized for failing to accept responsibility. Rather, acceptance of responsibility is a mitigating factor available under appropriate circumstances." Id. at 936-37. This court ruled that the trial court did not err in denying the defendant a reduction for acceptance of responsibility.
 
 
 39
 Here, appellant's position is similar to that of the defendant in Gordon. Appellant admitted only that he committed part of the conduct for which he was convicted. The trial court found that appellant had not been truthful when he denied his involvement in the conspiracy, and concluded that appellant's admissions of cocaine use were not sufficient to show that he accepted responsibility for his participation in the conspiracy.
 
 
 40
 Whether a defendant's offense level should be reduced for acceptance of responsibility is a factual question, which the sentencing judge is in a unique position to decide. United States v. White, 875 F.2d 427, 431 (4th Cir.1989); U.S.S.G. Sec. 3E1.1, comment. (n. 5). The trial court's decision should be reversed only if it is clearly erroneous. White, 875 F.2d at 431.
 
 
 41
 The record supports the trial court's decision to deny appellant a reduction in his offense level. The trial court did not err in denying the reduction.
 
 
 42
 Accordingly, the decision of the district court is
 
 
 43
 AFFIRMED.
 
 
 44
 MURNAGHAN, Circuit Judge, and YOUNG, Senior District Judge, joined.